UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JACOB COOPER as Personal
Representative for the ESTATE OF
VALERIE SUSAN BOGLE, on behalf
of the Estate and Survivor Jacob
Cooper,

       Plaintiff,                                        Case No. 5:23-cv-650-MSS-PRL

v.

CORECIVIC, INC., a private prison
health corporation; FORMER CITRUS
COUNTY DETENTION FACILITY
WARDEN MIKE QUINN; LAURA
BOEHM, LPN; TINA MELLERT,
LPN; RYAN OSBORN; CANDI
HICKS, LPN; ANNE BRITT, LPN;
SEARS NORTH, MHC; DOES 1-15,
inclusive, in their individual
capacities,

       Defendants.
_____/

## MOTION OF DEFENDANT LAURA BOEHM TO DISMISS FIRST AMENDED COMPLAINT

Defendant, LAURA BOEHM, pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves to dismiss the claims asserted against her in the First Amended Complaint (Doc. 52) filed by Plaintiff, JACOB COOPER, as the Personal Representative of the Estate of Valerie Susan Bogle and as Ms. Bogle's adult son.

Plaintiff's claims arise from over twenty individuals' alleged failure to render adequate medical care to Ms. Bogle during her incarceration at the Citrus County

Detention Facility ("CCDF").  Ms. Bogle died from dehydration on the fifth day of her incarceration.

Plaintiff's claims are presented in seven counts.  Count I is a claim under 42 U.S.C. § 1983, and against "all Individual Defendants," for the alleged violation of Ms. Bogle's rights under the Fourteenth Amendment.  *Id.*, ¶¶ 195-205.  Counts II and III are Section 1983 claims against only Defendant, CORECIVIC, INC., as the operator of CCDF, for *Monell* liability and a purported failure to train, respectively.  *Id.*, ¶¶ 206-26.  Count IV is a Section 1983 claim, against all Defendants, for the alleged violation of Plaintiff's rights under the Fourteenth Amendment, namely, his purported right to Ms. Bogle's companionship and society.  *Id.*, ¶¶ 227-36.  Count V is a wrongful death claim, against all Defendants, under Florida law.  *Id.*, ¶¶ 237-53.  Count VI is a claim of intentional infliction of emotional distress, against all Defendants, for distress caused to Ms. Bogle and for the purported injuries caused to her survivors.  *Id.*, ¶¶ 254-61.  Finally, Count VII is a claim of negligent infliction of emotional distress, against all Defendants, for distress caused to Ms. Bogle and for the purported injuries caused to her survivors.  *Id.*, ¶¶ 262-72.

As explained herein, Plaintiff fails to state any claim against Defendant, LAURA BOEHM ("Nurse Boehm"), under Counts I, IV, V, VI, and VII.

To state a Section 1983 claim, a plaintiff must allege that each defendant, through his or her own acts or omission, caused a constitutional violation.  In Count I, Plaintiff broadly casts his Section 1983 claim against "all Individual Defendants" in

an improper attempt to impute the many defendants' collective acts and knowledge onto Nurse Boehm, whose involvement in Ms. Bogle's care was limited to the first two days of Ms. Bogle's incarceration.  Plaintiff fails to state a claim under Count I by failing to allege acts or omissions, specifically by Nurse Boehm, that demonstrate her deliberate indifference to any serious medical needs of Ms. Bogle and that proximately caused Ms. Bogle dehydration days later.

Plaintiff fails to state a claim under Count IV for any violation of his personal right to Ms. Bogle's companionship and society, in that no such right is supported by the Constitution.

Plaintiff fails to state a wrongful death claim under Count V and against Nurse Boehm, whose alleged acts and omissions concerned only the rendering of or failure to render medical care.  Plaintiff did not comply with the presuit requirements and statute of limitations applicable to medical negligence under Florida law.

Plaintiff fails to state claims under Counts VI and VII for the infliction of emotional distress in that such claims against Nurse Boehm are subsumed by the wrongful death claim at Count V.  The factual basis for Plaintiff's claims of infliction against Nurse Boehm, namely, allegations of medical negligence leading to fatal dehydration, is the very same basis alleged for Plaintiff's wrongful death claim.  Only a claim for injuries not causing death may be prosecuted outside of a wrongful death claim.  In addition, no claim of intentional infliction of emotional distress exists for Ms. Bogle's survivors, as no survivor was present during her incarceration or witnessed

the alleged failure to render adequate medical care.  Similarly, no claim for negligent infliction exists for Ms. Bogle's survivors, as no survivor was physically impacted by Nurse Boehm and, alternatively, no survivor sustained or manifested a physical injury due to his involvement in or presence during Ms. Bogle's care.

### Plaintiff's Factual Allegations Against Nurse Boehm

As alleged in the First Amended Complaint, Ms. Bogle was transported to CCDF on October 29, 2021.  Doc. 52, ¶ 35.  That same morning, at 11:14 a.m., Nurse Boehm attempted to assess Ms. Bogle medically but could not do so "per security." *Id.*, ¶ 39.  Nurse Boehm explained, "medical is not currently able to see inmate due to behavior issues and is not safe for nursing staff to assess." *Id.*

Two hours later, and "at [the] request of security," Nurse Boehm returned, "examined Ms. Bogle and completed portions of an 'Initial Intake Screening' form provided by CoreCivic to record an inmate's condition." *Id.*, ¶¶ 45 & 55.  The medical examination and visit were brief. *Id.*, ¶ 55.  Ms. Bogle was "being uncooperative so intake was stopped[.]" *Id.*  Nurse Boehm was not able to complete the screening form but noted Ms. Bogle appeared "disheveled," "agitated," and "anxious" and, at that moment, had a blood pressure of 165/92. *Id.*, ¶¶ 46 & 50.  As alleged by Plaintiff, Nurse Boehm did not summon further care. *Id.*, ¶¶ 47-52.

At 7:38 p.m. that evening, Nurse Boehm returned, attempted to complete the medical examination and intake, but "per security, inmate [was] still too uncooperative to do intake assessment." *Id.*, ¶ 57.

Nurse Boehm returned the next day, October 30, 2021, inquired about her ability to complete the examination and intake, but learned "medical is still unable to assess inmate.  She is not being cooperative and per security, medical is not to see her at this time."  *Id.*, ¶ 67.

Plaintiff alleges no other acts or omissions by Nurse Boehm.  Notably, Plaintiff does not allege Nurse Boehm had any involvement in or responsibility for policy, management, housing, security, staffing, or food service at CCDF.  Equally important, Plaintiff does not allege Nurse Boehm had any involvement in Ms. Bogle's medical care after October 30, 2021, and over the subsequent three days before her death due to dehydration.

Plaintiff alleges that after Nurse Boehm's involvement ended, Ms. Bogle remained in the booking facility at CCDF for an additional three days while *other* Individual Defendants continued attempting, albeit unsuccessfully, to complete the medical examination and intake.  *Id.*, ¶¶ 73-108.  During these additional three days, Ms. Bogle's condition allegedly deteriorated, and on November 1, 2021, Defendant Sears North observed Ms. Bogle and ordered that she be transported to the medical facility for "mental health observations" every fifteen minutes.  *Id.*, ¶¶ 109-19.  Plaintiff alleges that other Individual Defendants – not Nurse Boehm – failed to follow this order, and that Ms. Bogle died of dehydration the next morning.  *Id.*, ¶¶ 121-56.

### Law Applicable to Plaintiff's Claims Against Nurse Boehm

To state a claim against Nurse Boehm, Plaintiff must allege facts – not legal conclusions – that state a plausible claim for relief when such facts are presumed to be true. *Turner v. Williams*, 65 F. 4th 564, 577 (11th Cir. 2023). "The alleged facts, having been stripped of all legal conclusions, must make a claim for relief not merely *possible,* but *plausible*." *See id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis in original). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A formulaic recitation of the elements of a claim will not do. *Twombley*, 550 U.S. at 555.

### Plaintiff's Claims Against Nurse Boehm Should Be Dismissed

### I.   Plaintiff's Section 1983 Claim at Count I Fails to Allege a Constitutional Violation by Nurse Boehm

To state any claim under Section 1983, a plaintiff must allege that each defendant, "through [his or her] own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. In other words, the plaintiff must allege that each individual defendant *caused* the plaintiff injury in violation of the Constitution. *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986) ("[S]ection 1983 requires proof of an affirmative causal connection between the official's acts or omission and the alleged constitutional deprivation.").

To predicate a Section 1983 claim on inadequate medical care, the plaintiff must allege an insufficiency so severe as to constitute "cruel and unusual punishment."

*Taylor v. Adams*, 221 F.3d 1254, 1257 (11th Cir. 2000) (internal quotations omitted). That is, the plaintiff must allege that each defendant imposed "an unnecessary and wanton infliction of pain" through "deliberate indifference" to the plaintiff's "serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

This standard requires a plaintiff to "satisfy both an objective and a subjective inquiry." *Ireland v. Prummell*, 53 F.4th 1274, 1287 (11th Cir. 2022) (internal quotation omitted). First, the plaintiff must allege "an objectively serious medical need." *Id.* Second, the plaintiff must allege that the defendant, subjectively, (1) "was aware of facts from which the inference could by drawn that a substantial risk of serious harm exists," (2) "actually drew that inference," and (3) "disregarded that risk" (4) through conduct that "amounted to *more than* gross negligence." *Id.* (emphasis added). Finally, as with any tort claim, the plaintiff must allege that the deliberate indifference caused the plaintiff's injury. *Horvath v. Armor Corr. Health Services, Inc.*, No. 8:17-cv-2347, 2018 WL 4643284, at *3 (M.D. Fla. Mar. 20, 2018) (citing *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1327 (11th Cir. 2007)).

An objectively serious medical need is "one that, if left untreated, 'pos[es] a substantial risk of serious harm.'" *Taylor*, 221 F.3d at 1258 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Said differently, the medical need must be "diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity of a doctor's attention." *Goebert*, 510 F.3d at 1326 (internal quotation omitted).

Once again, deliberate indifference to an objectively serious medical need requires something more than gross negligence. Medical malpractice is not deliberate indifference. *Ireland*, 53 F.4th at 1293. The deliberate indifference standard also does not guarantee compliance with every internal policy. *Cook-Bey v. Luckie*, 2019 WL 2866052, at *5 (M.D. Ala. June 11, 2019) ("A violation of departmental rules or policies, standing alone, does not infringe upon an inmate's constitutional rights."); *see Fischer v. Ellegood*, 238 F. App'x 428, 433 (11th Cir. 2007) (concluding that Section 1983 does not require compliance with internal policy requiring daily showers for inmates). Furthermore, if a claim of deliberate indifference rests on an alleged delay in medical treatment, the court must consider "the reason for the delay and the nature of the medical need." *Ireland*, 53 F.4th at 1288.

Here, Plaintiff fails to allege a constitutional injury by Nurse Boehm and instead attempts to impute the collective acts, omissions, and knowledge of all other defendants onto Nurse Boehm.

"Plaintiff attempts to impose liability against nearly every individual who came into contact with [Ms. Bogle] under the assumption that, because [Ms. Bogle's] tragic death occurred, he or she must be liable. This is insufficient." *Horvath*, 2018 WL 4643284, at *4.

It is not enough for Plaintiff to allege facts showing that some of the Defendants knew Ms. Bogle had a serious medical need. "[I]mputed or collective knowledge cannot serve as the basis for a claim of deliberate indifference." *McCrimmon v.*

8

*Centurion of Florida, LLC*, No. 3:20-CV-36-BJD-JRK, 2021 WL 424348, at *5 (M.D. Fla. Feb. 8, 2021) (quoting *Burnette v. Taylor*, 533 F.3d 1325, 1331 (11th Cir. 2008)).

Despite broadly charging "all Individual Defendants" with acts and omissions that caused Ms. Bogle's death, Plaintiff alleges only that Nurse Boehm (1) tried several times to examine Ms. Bogle, (2) was unable to complete the medical examination and intake due to Ms. Bogle's uncooperative behavior, (3) was otherwise prohibited by security from completing the exam and intake, and (4) did not summon additional medical care. These alleged acts or omissions by Nurse Boehm occurred only during the first two days of Ms. Bogle's incarceration. Plaintiff neither alleges any factual basis for Nurse Boehm's deliberate indifference nor explains how Nurse Boehm's alleged acts and omissions proximately caused Ms. Bogle's death from dehydration some three days later. *See McCrimmon*, 2021 WL 424348 at *6 (finding no reasonable inference of deliberate indifference where allegations against nurses revealed only limited knowledge of the plaintiff's condition).

More precisely, Plaintiff fails to allege that Ms. Bogle suffered an "objectively serious medical need" of which Nurse Boehm was aware. Rather, Plaintiff alleges only that Ms. Bogle's blood pressure was 165/92 and that Ms. Bogle appeared disheveled, anxious, and agitated. These symptoms do not so obviously demonstrate a medical need that "even a lay person would easily recognize the necessity of a doctor's attention." *Goebert*, 510 F.3d at 1326. Although elevated, Ms. Bogle's blood pressure was consistent with the stressfulness of her arrest and booking at a detention

facility. *See Horvath*, 2018 WL 4643284, at *5 (finding no deliberate indifference by a nurse who recorded an inmate's blood pressure of 188/110 and never summoned additional aid).  Similarly, a lay person would not conclude that a recently arrested individual who appeared agitated, anxious, and distressed "obviously" required immediate medical attention.  Even if Ms. Bogle's medical condition later deteriorated into an objectively serious medical need, such deterioration did not occur during Nurse Boehm's limited involvement and any knowledge of such deterioration cannot be imputed to Nurse Boehm.

Plaintiff cannot allege that Nurse Boehm was deliberately indifferent to any medical need – let alone an objectively serious one. *At most*, Plaintiff alleges that Nurse Boehm breached internal policies and failed to pursue completion of the initial intake screening – despite Nurse Boehm's repeated attempts to do just that.  Any violation of CoreCivic policies, "standing alone, does not infringe upon an inmate's constitutional rights." *Cook-Bye*, 2019 WL 2866052, at *5.  As alleged by Plaintiff, the delay in completing the medical examination and intake was due to Ms. Bogle's own behavior and the orders from security.  Considering such "reason[s] for the delay and the nature of the need," Nurse Boehm's inability to complete the examination and intake were not the product of deliberate indifference and did not constitute "an unnecessary and wanton infliction of pain." *Ireland*, 53 F.4th at 1288.

Finally, Plaintiff fails to provide any plausible basis for proximate causation between any act or omission by Nurse Boehm and Ms. Bogle's death from dehydration

– and not elevated blood pressure, anxiety, or agitation – three days later.  As Plaintiff notes, "severe dehydration can occur in less than 24 hours." Doc. 52, ¶ 102.  Plaintiff makes no allegation that Ms. Bogle was severely dehydrated during or due to Nurse Boehm's involvement at the start of Ms. Bogle's incarceration.

In sum, Plaintiff fails to allege that any act or omission by Nurse Boehm proximately caused Ms. Bogle's death due to dehydration or otherwise violated any constitutional right of Ms. Bogle.  Count I, as asserted against Nurse Boehm, should be dismissed.

## II.   Plaintiff's Section 1983 Claim at Count IV Fails to Assert a Constitutional Injury to Plaintiff

At Count IV, Plaintiff asserts a Section 1983 claim for an alleged violation of his right to Ms. Bogle's companionship and society.  No such right exists.

The purported right of an adult child to continued companionship and society of a parent "finds no support in [the Constitution] or Supreme Court precedent," and is expressly rejected by binding Eleventh Circuit precedent. *See Robertson v. Hecksel*, 420 F.3d 1254, 1260 (11th Cir. 2005) ("'[A] parent-child relationship between two independent adults does not invoke constitutional companionship interests.'") (quoting *Butera v. District of Columbia*, 235 F.3d 637, 656 n.23 (D.C. Cir. 2001).

Count IV should be dismissed.

III.   **Plaintiff's Wrongful Death Claim at Count V is Barred by His Failure to Comply with the Presuit Requirements and Statute of Limitations Applicable to Medical Negligence**

At Count V, Plaintiff asserts a wrongful death claim as the personal representative of Ms. Bogle's estate, under Florida's "Wrongful Death Act" at Florida Statutes, §§ 768.16-768.27, and against all Defendants based upon the same factual allegations for which the Section 1983 claims at Counts I and IV are brought.  Doc. 52, ¶ 237 ("Plaintiff "realleges and incorporates . . . each and every allegation contained in the Common Factual Allegations.").  According to Plaintiff, "Defendants committed 'wrongful acts' in violating § 1983 by showing deliberate indifference to Ms. Bogle's medical needs."  (Doc. 52, ¶¶ 237 & 240).  As for Nurse Boehm, Plaintiff alleges she breached the duty of reasonable care by failing to "monitor Ms. Bogle's serious life-sustaining needs and fail[ing] to summon care accordingly."  *Id.*, ¶ 243.  No allegation is made in Count V, or elsewhere, regarding any acts or omissions by Nurse Boehm that did not involve her rendering, or her purported failure to render, medical care to Ms. Bogle.  Plaintiff also does not allege Nurse Boehm had any involvement in policy, management, housing, security, staffing, or food service at CCDF.

A "'[c]laim for medical negligence' or 'claim for medical malpractice' means a claim, arising out of the rendering of, or the failure to render, medical care or services." Fla. Stat. § 766.106(1)(a).  As the Florida Supreme Court has explained, "for a claim to sound in medical malpractice, the act from which the claim arises must be directly

related to medical care or services, which require the use of professional judgment or skill." *Nat'l Deaf Acad., LLC v. Townes*, 242 So. 3d 303, 311 (Fla. 2018).

Clearly, Plaintiff's wrongful death claim against Nurse Boehm is for alleged medical negligence, yet Plaintiff failed to comply with the presuit requirements and statute of limitations applicable to such claims under Florida law.

Florida law "imposes certain notice and presuit screening requirements" on any claimant asserting "medical malpractice and medical negligence actions." *J.B. v. Sacred Heart Hosp. of Pensacola*, 635 So. 2d 945, 948 (Fla. 1994); *see also* Fla. Stat. § 766.106(2)–(3). The Florida Legislature has made crystal clear that "[n]o action shall be filed for . . . wrongful death arising out of medical negligence," without the claimant first satisfying a presuit investigation. Fla. Stat. § 766.104(1). "Even after satisfying this prerequisite, a potential claimant must follow the [other] procedures outlined in section 766.106, Florida Statutes, before filing a medical malpractice action." *Walker v. Virginia Ins. Reciprocal*, 842 So. 2d 804, 807 (Fla. 2003).

Where a claimant fails to allege compliance with these statutory prerequisites, courts routinely dismiss wrongful death claims arising from the provision of, or failure to render, medical care. *See, e.g.*, *Gullo v. Prison Health Services, Inc.*, No. 6:07-CV-1710-ORL-28DAB, 2007 WL 3340396, at *2 (M.D. Fla. Nov. 9, 2007) ("Plaintiff's artful pleading attempts to avoid the presuit screening and notice requirements of Florida's statutory scheme. His claim directly relates to medical and mental diagnosis, treatment, and care by a healthcare provider in a correctional setting"); *Dempsey v.*

13

*Ford*, No. No. 5:21-CV134-TKW-MJF, 2021 WL 8533034, at *4 (N.D. Fla. Sept. 24, 2021) (dismissing "wrongful death claim . . . for failure to comply with the pre-suit notice requirements in § 766.106, Fla. Stat." where the plaintiff "allege[d] that [the decedent] *would not have died if she had been properly treated in a timely manner at the jail*" (emphasis added, quotation omitted)); *Davis v. Marceno*, No. 2:19-CV-750-JLB-MRM, 2022 WL 1136611, at *10 (M.D. Fla. Apr. 18, 2022) ("Despite the Estate styling its claim as 'wrongful death (negligence),' the Court agrees with Defendants that because the acts from which the claims arise are directly related to medical care or services, the claim is for medical negligence such that Chapter 766 applies"); *Lyles v. Osceola Cnty.*, 6:11-CV-1585-ORL-36, 2012 WL 4052258, at *5 (M.D. Fla. Sept. 13, 2012) ("Counts I through IV [allege] that [county] employees failed to provide Saunders with access to a vascular physician in a timely manner, . . . and failed to provide timely access to emergency medical services. This conduct certainly constitutes claims arising out of the rendering of, or the failure to render medical care or services.").

Accordingly, the failure to allege compliance with the presuit requirements for medical negligence claims compels the dismissal of Count V as to Nurse Boehm.  *See Jacob v. Mentor Worldwide, LLC*, No. 8:19-CV-229-T-35SPF, 2019 WL 6766574, at *2 (M.D. Fla. Dec. 10, 2019) ("Plaintiff has also failed to allege compliance with the Florida pre-suit screening requirements for medical negligence claims, *see* Fla. Stat. § 766.106(2)(a), which defeats a claim against a medical defendant"), *rev'd & remanded on other grounds*, 40 F.4th 1329 (11th Cir. 2022). Beyond a perfunctory assertion that

"[a]ll conditions precedent hereto have occurred, been performed, or been waived," Plaintiff makes no mention of the presuit requirements under Florida law – let alone compliance with same.  Doc. 52, ¶ 9.  This is determinative, as the failure to allege and demonstrate compliance with the presuit requirements requires dismissal of any medical negligence claim.  *Grubbs v. Synthes*, No. 8:15-CV-00443-T, 2015 WL 4522820, at *2 (M.D. Fla. July 21, 2015); *see also Johnson v. McNeil*, 278 F. App'x 866, 872 (11th Cir. 2008) ("Florida law mandates the dismissal of a claim for medical malpractice when the pre-suit requirements have not been fulfilled.") (citing Fla. Stat. § 766.206(2)).

Such dismissal must be with prejudice. The applicable statute of limitations for medical negligence is two years.  Fla. Stat. § 95.11(4)(c). Although a claimant may satisfy the presuit requirements before the statute of limitations expires, the failure to comply timely compels dismissal with prejudice. *See Johnson*, 278 F. App'x at 871 (affirming district court's dismissal of wrongful death claim "without leave to amend and with prejudice" where claimant could not cure failure to comply with Florida's presuit requirements during limitations period). Ms. Bogle died on November 2, 2021. Doc. 52, ¶¶ 137 & 155.  The statute of limitations for Plaintiff's wrongful death claim expired on November 2, 2023.  Plaintiff needed to satisfy the presuit requirements by this date but did not do so.  As to Nurse Boehm, whose alleged acts and omissions concerned only the rendering of or failure to render medical care, Count V should be dismissed with prejudice.

## IV.   Plaintiff's Claims for Infliction of Emotional Distress at Counts VI and VII Are Subsumed by Count V

At Counts VI and VII, Plaintiff asserts a claim for intentional infliction of emotional distress and negligent infliction of emotional distress, respectively, under Florida law, against all Defendants, and based upon the same factual allegations. *Id.*, ¶¶ 254 & 262 ("Plaintiff "realleges and incorporates . . . each and every allegation contained in the Common Factual Allegations."). According to Plaintiff, "Defendants, by their actions as set for the [sic] herein, intended to mercilessly inflict criminal, irreparable damage to Ms. Bogle, including . . . by permitting her to sit in an isolation cell by [sic] for days on end without access to medical care." *Id.*, ¶ 256; *accord. Id.*, ¶ 267.   All allegations against Nurse Boehm concern only her rendering of or failure to render medical care to Ms. Bogle and, thus, are the same allegations underlying Plaintiff's wrongful death claim against Nurse Boehm at Count V.

Only "claims for personal injuries not causing death survive the decedent's death and may be prosecuted by the personal representative as a . . . distinct cause of action from a wrongful death claim." *Homaday v. Smith & Nephew, Inc.*, 994 F. Supp. 2d 1264, 1267 (M.D. Fla. 2014) (citing Fla. Stat. § 46.021). Simply put, the infliction claims are subsumed by Count V and did not survive Ms. Bogle's death:

> When a personal injury to the decedent results in death, no action for the personal injury shall survive, and any such action pending at the time of death shall abate." § 768.20, Fla. Stat. [emphasis removed]; *see also Mucciolo v. Boca Raton Reg'l Hosp., Inc.*, 824 F. App'x 639, 643-44 (11th Cir. 2020) ("[A]ny personal injury claims alleging wrongdoing that ultimately resulted in the death of the decedent are

extinguished upon death, leaving the statutory wrongful death claim as the only avenue for damages against the tortfeasor."). "[A]lternative theories of relief [are] subsumed in the wrongful death claim, and no claim, other than the statutory wrongful death claim, [can] be brought or require[s] consideration by the district court." *Mucciolo*, 824 F. App'x at 644; *see Banuchi v. City of Homestead*, No. 20-25133-Civ-Scola, 2021 WL 2333265, at *7 (S.D. Fla. June 8, 2021) (Scola, J.) (holding Florida's Wrongful Death Act precluded personal injury torts where defendant's actions resulted in decedent's death); *see also Shehada v. Tavss*, 965 F. Supp. 2d 1358, 1378 (S.D. Fla. 2013) (Lendard, J.) ("[W]hen death is the result of a personal injury, the law of Florida essentially substitutes a statutory wrongful death action for the personal injury action[.]" (quoting *Niemi v. Brown & Williamson Tobacco Corp.*, 862 So. 2d 31, 33 (Fla. 2d DCA 2003))).

*Groover v. Polk Cnty. Bd. of Cnty. Commissioners*, 570 F. Supp. 3d 1134, 1153-54 (M.D. Fla. 2021).

Plaintiff anticipates the preclusive effect of this black letter law and attempts to circumvent it by alleging, "To the extent any acts caused [Ms. Bogle's] injury but did not cause or contribute to her death, Plaintiff is entitled to recover damages for those intentional actgs [sic] pursuant to § 46.021, Fla. Stat." Doc. 52, ¶ 259. However, Ms. Bogle's only alleged injury is dehydration. *Id.*, ¶ 263 ("Ms. Bogle suffered discernable physical injuries throughout her incarceration at the CCDF, including signs of severe dehydration."). It is further alleged that dehydration resulted in Ms. Bogle's death. *Id.*, ¶ 1 ("Valerie Susan Bogle died of dehydration[.]"). There was no other injury alleged or that might be attributable to Nurse Boehm's rendering of medical care at the start of Ms. Bogle's incarceration.

The claims of infliction at Counts VI and VII are subsumed by the wrongful death claim for medical negligence against Nurse Boehm at Count V.  Counts VI and VII should be dismissed as to Nurse Boehm.

## V.      Plaintiff's Claims for Infliction of Emotional Distress upon Ms. Bogle's Survivors Fail to State a Claim

Lastly, even if Counts VI and VII for infliction of emotional distress were not subsumed by the wrongful death claim against Nurse Boehm at Count V, no claim can be brought for the alleged emotional distress of Ms. Bogle's survivors.

Plaintiff's claim for intentional infliction of emotional distress at Count VI states that, as a result of Defendants' conduct, "the Plaintiff's [sic] survivors have suffered severe injuries."  Doc. 52, ¶ 257.  Plaintiff does not explain the nature of these purported injuries and makes no allegation that any of Ms. Bogle's survivors were present during her incarceration or witnessed Nurse Boehm's alleged failure to render adequate medical care.  Where Florida courts have recognized the tort of intentional infliction of emotional distress, the claimant was the recipient of or present for the alleged abuse.  *See, e.g., Habelow v. Travelers Ins. Co.*, 389 So. 2d 281, 220 (Fla. 5th DCA 1980) (dismissal of claims of intentional infliction upon wife who was not present for verbal abuse of husband); *M.M. v. M.P.S.*, 556 So. 2d 1140, 1140-41 (Fla. 3d DCA 1989) (dismissal of claims of intentional infliction of emotional distress upon parents who were not present when defendant sexually abused and drugged their young daughter).

Plaintiff's separate claim for negligent infliction at Count VII states that, as a result of Defendants' conduct, "the Decedent's Survivor has suffered severe injuries." *Id.*, ¶ 270. Plaintiff does not allege any survivor was physically impacted by Nurse Boehm. *See Willis v. Cami Golden Glades, LLC*, 967 So. 2d 846, 850 (Fla. 2007) (elements for negligent infliction differ depending on whether plaintiff suffered a physical impact during incident). Where a plaintiff has not suffered a physical impact, the elements for negligent infliction are:

> (1) the plaintiff must suffer a physical injury; (2) the plaintiff's physical injury must be caused by the psychological trauma; (3) the plaintiff must be involved in some way in the event causing the negligent injury to another; and (4) the plaintiff must have a close personal relationship to the directly injured person.

*Zell v. Meek*, 665 So.2d 1048, 1054 (Fla. 1995). Plaintiff's generic allegation of "injuries" is entirely insufficient to state a claim, as the law requires a discernable *physical* injury due to psychological trauma. *E.g.*, *R.J. v. Humana of Florida, Inc.*, 652 So. 2d 360, 364 (Fla. 1995) (allegations of intangible mental injuries, such as hypertension, pain, suffering, and anguish, deemed insufficient to meet requirement of physical injury). Plaintiff also makes no allegation that any survivor of Ms. Bogle was present for or involved in Ms. Bogle's medical care.

Plaintiff fails to state a claim at Counts VI and VII for the infliction of emotional distress upon Ms. Bogle's survivors.

**Conclusion**

Plaintiff's claims arise from the alleged failure of over twenty individuals to render adequate medical care to Valerie Bogle during her incarceration at the Citrus County Detention Facility.   Despite broadly charging "all Individual Defendants" with acts and omissions that caused Ms. Bogle's death, Plaintiff alleges only that Nurse Laura Boehm: (1) tried several times to examine Ms. Bogle; (2) was unable to complete the medical examination and intake due to Ms. Bogle's uncooperative behavior; (3) was otherwise prohibited by security from completing the exam and intake; and (4) did not summon additional medical care.   Nurse Boehm's involvement in Ms. Bogle's care was limited to the start of Ms. Bogle's incarceration.   Plaintiff does not allege any factual basis for Nurse Boehm's deliberate indifference toward Ms. Bogle or explain how Nurse Boehm's alleged acts and omissions proximately caused Ms. Bogle's death from dehydration – some three days later.   Accordingly, Plaintiff's Section 1983 claim at Count I, as asserted against Nurse Boehm, should be dismissed.   Plaintiff's other claims against Nurse Boehm, at Counts IV, V, VI, and VII, should also be dismissed. Plaintiff fails to state a claim under Count IV for any violation of his personal right to Ms. Bogle's companionship and society, in that no such right is supported by the Constitution.   Plaintiff fails to state a wrongful death claim, at Count V and against Nurse Boehm, due to his failure to comply with the presuit requirements and statute of limitations applicable to medical negligence under Florida law.   Plaintiff fails to

state claims at Counts VI and VII for the infliction of emotional distress in that such claims are subsumed by the wrongful death claim for Nurse Boehm's alleged medical negligence at Count V.  In addition, no claim of intentional infliction of emotional distress exists for Ms. Bogle's survivors, as no survivor was present during her incarceration or witnessed Nurse Boehm's alleged failure to render adequate medical care.  Similarly, no claim for negligent infliction exists for Ms. Bogle's survivors, as no survivor was physically impacted by Nurse Boehm and, alternatively, no survivor sustained or manifested a physical injury due to his involvement in or presence during Ms. Bogle's care.

Plaintiff's First Amended Complaint should be dismissed as to Nurse Boehm.

## LOCAL RULE 3.01(G) CERTIFICATION

UNDERSIGNED COUNSEL HEREBY CERTIFIES that they conferred with Plaintiff's counsel before the filing of this motion to dismiss, and Plaintiff objected to the relief sought within the motion.

## CERTIFICATE OF SERVICE

UNDERSIGNED COUNSEL FURTHER CERTIFIES that, on May 13, 2024, this motion to dismiss was filed via CM/ECF, so that a copy will be sent automatically to all counsel of record.

/s/ _____

Richard C. Alvarez, Esquire
Florida Bar No. 031615
Neema M. Monfared, Esquire
Florida Bar No. 1035991
Keenan Molaskey, Esquire
Florida Bar No. 1031827

AKERMAN LLP
401 East Jackson Street, Suite 1700
Tampa, Florida 33602
Telephone No. (813) 223-7333
rick.alvarez@akerman.com
neema.monfared@akerman.com
keenan.molaskey@akerman.com

*Counsel to Defendant Laura Boehm*