## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**JACOB COOPER as Personal Representative for the ESTATE OF VALERIE SUSAN BOGLE, on behalf of the Estate and Survivor Jacob Cooper,**

      **PLAINTIFF,**

**V.**

**CORECIVIC, INC., a private prison health corporation; FORMER CITRUS COUNTY DETENTION FACILITY WARDEN MIKE QUINN; LAURA BOEHM, LPN; TINA MELLERT, LPN; RYAN OSBORN; CANDI HICKS, LPN; ANNE BRITT, LPN; SEARS NORTH, MHC; DOES 1-25, inclusive, in their individual capacities;**

      **DEFENDANTS.**

_____/

**CASE NO.: 5:23-CV-00650**

## DEFENDANT, WARDEN MIKE QUINN'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT (DKT. 52) AND INCORPORATED MEMORANDUM OF LAW

The Defendant, WARDEN MIKE QUINN ("Quinn"), by and through the undersigned counsel, hereby files this Motion to Dismiss Plaintiff's Amended Complaint for failure to properly plead and failure to state a claim pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6):

**INTRODUCTION**

On November 2, 2021, Valerie Susan Bogle ("decedent") passed away from alleged dehydration while in custody at the Citrus County Detention Facility ("CCDF").  **(Dkt. 52)**  On March 29, 2024, Plaintiff, JACOB COOPER as Personal Representative for the ESTATE OF VALERIE SUSAN BOGLE, on behalf of the Estate and Survivor Jacob Cooper ("Estate"), filed an Amended Complaint naming Quinn as a Defendant, along with CORECIVIC, INC. ("CoreCivic"), a private prison health corporation, and several other individual defendants.  Id.  The Amended Complaint asserts that Quinn is a former CoreCivic employee and former Warden of the CCDF.  Id. at ¶ 12.  Defendant Quinn is being sued in his individual capacity while acting under color of state law.  Id.

The Amended Complaint alleges that the decedent died of preventable dehydration while in custody at CCDF.  Id. at ¶ 1, 156.  The Plaintiff avers that, upon the decedent's booking at CCDF, CCDF security and medical personnel indicated that they could not perform an intake assessment of her due to lack of cooperation, aggressive behavior issues, and security concerns.  Id. at ¶ 39, 55, 67, 73, 74, 79, 87, 130.  When the decedent was eventually evaluated, she appeared agitated, anxious, acted strange, had high blood pressure, removed her clothes, smelled of feces and urine, and failed to eat or drink water.  Id. at ¶ 46, 50, 92, 96,

98, 105, 112, 114, 117, 118.  The Plaintiff alleges that these were signs of severe dehydration which were ignored by the "Defendants." Id. at ¶ 105, 108, 118.

The Plaintiff alleges that CoreCivic employees and medical staff deliberately failed to care for the decedent despite "glaringly obvious signs of serious medical distress," which he alleges was common at CCDF due partially to "chronic understaffing." Id. at ¶ 2.  The Plaintiff asserts that Quinn should have known that CCDF was "chronically understaffed," endangering detainees at the facility. Id. at ¶ 179.  The Plaintiff avers that Citrus County warned Quinn about staffing shortages on multiple occasions in 2021. Id. at ¶ 184-187.  The Plaintiff asserts that these alleged staffing shortages contributed to the decedent's death. Id. at ¶ 191.

The Plaintiff also asserts, in conclusory fashion, that Quinn and other CCDF employees were fired and disciplined following an internal investigation of this incident. Id. at ¶ 3, 158, 159.  The Plaintiff alleges that "several operational policies and procedures were not followed" during the decedent's custody at CCDF, and also alleges that those policies and procedures were insufficient. Id. at ¶ 161-166. The Plaintiff alleges that nine people, including the decedent, died at CCDF between 2019 and 2021, providing one example. Id. at ¶ 167-176.  The Plaintiff asserts that this previous death should have alerted Quinn to review and monitor policies and procedures, but that Quinn did nothing. Id. at ¶ 177-178.

The Plaintiff enumerates seven counts in the Amended Complaint.  The following counts are asserted against Quinn:

I.     42 U.S.C. § 1983: Fourteenth Amendment Deliberate Indifference (By Plaintiff As Personal Representative Against All Individual Defendants);

IV.     42 U.S.C. § 1983: Fourteenth Amendment Substantive Due Process (By Plaintiff in his Individual Capacity Against All Defendants);

V.     Wrongful Death (By Plaintiff as Personal Representative Against All Defendants);

VI.     Intentional Infliction of Emotional Distress (By Plaintiff as Personal Representative Against All Defendants); and

VII.     Negligent Infliction of Emotional Distress (By Plaintiff as Personal Representative Against All Defendants)

The Plaintiff seeks compensatory damages for the decedent's survivors for their emotional distress, compensatory damages for the Estate, predeath damages for the decedent's pain and suffering that did not result in death, punitive and exemplary damages as to the Plaintiff's § 1983 claims, attorney's fees and costs under 42 U.S.C. § 1988, and final expenses.  Id. at 274.

## STANDARD OF REVIEW

Under the Federal Rules of Civil Procedure, a complaint must be dismissed if it "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 663 (2009) (internal quotations and citations omitted); <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007); <u>Franklin v. Curry</u>, 738 F.3d 1246, 1250 (11th Cir. 2013).

When considering a motion to dismiss filed pursuant to Rule 12(b)(6), conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." <u>Iqbal</u>, 556 U.S. at 664. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. <u>Iqbal</u>, 556 U.S. at 678; <u>Franklin</u>, 738 F.3d at 1251; <u>U.S. ex rel. St. Joseph's Hosp., Inc. v. United Distribs., Inc.</u>, 918 F. Supp. 2d 1306, 1312 (S.D. Ga. 2013).

Courts should consider only those facts which are well-pled and "then determine whether they plausibly give rise to an entitlement of relief." <u>Iqbal</u>, 556 U.S. at 664; <u>Resnick v. AvMed, Inc.</u>, 693 F.3d 1317, 1325 (11th Cir. 2012). A plaintiff must allege "plausible grounds to infer" that his claims rise "above the speculative level." <u>Twombly</u>, 550 U.S. at 570.

Put simply, a complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" <u>Iqbal</u>, 556 U.S. at 678 (alteration in original) (quoting <u>Twombly</u>, 550 U.S. at 557). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief" is "a context-specific task that

requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 663-64.

## MEMORANDUM OF LAW AND CITATION TO AUTHORITY

I.  **Plaintiff's Amended Complaint Fails to State a Claim for Deliberate Indifference Under 42 U.S.C. § 1983 Against Quinn.**

As a general rule, the Fourteenth Amendment may be violated when a jailer is deliberately indifferent to a substantial risk of serious harm to an inmate who suffers injury.  Swain v. Junior, 961 F.3d 1276, 1285 (11th Cir. 2020).  A deliberate indifference claim against an official requires a section 1983 plaintiff to show that the official knows of and disregards an excessive risk to the victim's health or safety.  Sperle v. Michigan Dep't of Corrections, 297 F.3d 483, 493 (6th Cir. 2002).

"To prevail on a deliberate indifference to serious medical need claim, Plaintiffs must show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury."  Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1306-07 (11th Cir. 2009).  Stated differently, a showing of deliberate indifference involves two prongs: an objective component and a subjective component.  Swain, 961 F.3d at 1285.

First, a plaintiff must demonstrate that there is an objectively substantial risk of harm to the inmate.  Id.  Second, a plaintiff must prove the defendant's subjective deliberate indifference to that risk of harm through three sub-showings: (a) subjective knowledge of risk of serious harm; (b) disregard for that risk; and (c)

by conduct that is more than mere negligence.  Id.  The Supreme Court and Eleventh Circuit have both found that standard to even exceed gross negligence, requiring conduct rise to reckless disregard of the risk as used in the criminal law. Id. at 1285-86; Farmer v. Brennan, 511 U.S. 825, 839-40 (1994).

It is not enough for Plaintiffs to allege facts showing that some Defendants knew the decedent had a serious medical need because "imputed or collective knowledge cannot serve as the basis for a claim of deliberate indifference." McCrimmon v. Centurion of Florida, LLC, No.: 3:20-cv-36-BJD-JRK, 2021 WL 424348, at *5 (M.D. Fla. Feb. 8, 2021) (citing Burnette v. Taylor, 533 F.3d 1325, 1331 (11th Cir. 2008).  "Each individual defendant must be judged separately and on the basis of what that person knew.  Nam Dang by and through Vina Dang v. Sheriff, Seminole County Florida, 871 F.3d 1272, 1280 (11th Cir. 2017).

Here, the Plaintiff fails to meet his burden as to the subjective element of the deliberate indifference claim, which requires him to allege that Quinn disregarded the substantial risk of harm with conduct that was more analogous to the reckless disregard standard of criminal *mens rea* than to mere negligence.  Barrett v. Whittington, No. 5:22-cv-271, 2022 WL 16625810, at *3 (M.D. Ga. Oct. 4, 2022) (citing Swain, 961 F.3d at 1288).  It is important to note that *actual knowledge* of a serious medical need is required.  See Farmer v. Brennan, 511 U.S. 825, 860 (1994); Burnette v. Taylor, 533 F.3d 1325, 1331 (11th Cir. 2008).

Within the Amended Complaint, the Plaintiff has not alleged sufficient facts to meet this burden and has not demonstrated that Quinn exhibited a sufficiently culpable state of mind.  There are no specific allegations addressing the conduct of Quinn in interacting with the decedent.  **Dkt. 52**.  The Plaintiff has not alleged that Quinn had direct subjective knowledge of harm to the decedent, that he disregarded that risk, or that his conduct exceeded mere negligence.  As such, the Plaintiff has not sufficiently alleged Quinn's subjective deliberate indifference to the risk of harm to the decedent.  See Swain, 961 F.3d at 1285.

Nonetheless, the Plaintiff appears to attempt to argue that Quinn was deliberately indifferent to the decedent's constitutional rights through customs or policies.  At the same time, the Plaintiff has brought this action against Quinn in his individual, rather than his official, capacity.  It is worth noting that there is no respondeat superior or vicarious liability under section 1983 unless Plaintiff can show that "there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990); see also Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).  "A causal connection can be established 'when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so,' or when the supervisor's improper 'custom or policy . . . resulted in deliberate indifference to constitutional rights.'" Gonzalez

v. Reno, 325 F.3d 1228, 1234 (11th Cir. 2003) (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991).

In other words, to state a deliberate indifference claim against a private official, plaintiffs must show that the action was taken pursuant to or the constitutional deprivation was a result of an official custom or policy of the official. Harvey v. Harvey, 949 F.2d 1127 (11th Cir. 1992); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).   The custom or policy permitting the constitutional violation must be the moving force behind the constitutional violation.  Id.; Gretch v. Clayton, 335 F.3d 1326, 1330 (11th Cir. 2003).  A custom or policy is established by showing a persistent and widespread practice and an entity's actual or constructive knowledge of such customs.  Monell, 436 U.S. at 691; Depew v. City of St. Mary's, 787 F.2d 1496, 1499 (11th Cir. 1986).

To demonstrate an unconstitutional policy or custom, "[a] pattern of similar constitutional violations . . . is 'ordinarily necessary,'" because a single violation is not so pervasive as to amount to a custom.  Craig v. Floyd Cnty., 643 F.3d 1306, 1310 (11th Cir. 2011) (quoting Connick v. Thompson, 563 U.S. 51, 62 (2011)); see also McDowell v. Brown, 392 F.3d 1283 (11th Cir. 2004).  Both the Supreme Court and the Eleventh Circuit have held that the standard required to prove the existence of a custom is steep. Id. at 1310; Tuttle, 471 U.S. at 819.  If a plaintiff does offer other instances to prove a custom, the incidents must be substantially similar

to the one at hand and violate essentially the same constitutional right.  Mercado v. City of Orlando, 407 F.3d 1152, 1162 (11th Cir. 2005).

"In order to establish that a defendant committed a constitutional violation in his supervisory capacity, a plaintiff must show that the defendant instituted a custom or policy [that] result[s] in deliberate indifference to constitutional rights or . . . directed [his] subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so."  Goebert v. Lee County, 510 F.3d 1312, 1331 (11th Cir. 2007).  "The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous."  Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 802 (11th Cir. 1998).  Plaintiff cannot rely on his own claims or bald assertions to establish a custom or policy.  Doe School Bd. of Broward County, Fla., 604 F.3d 1248, 1267 (11th Cir. 2010).

Here, in an attempt to establish an unconstitutional practice, the Plaintiff alleges, in conclusory fashion, that Quinn failed to follow or sufficiently enforce policies and procedures.  **Dkt. 52**. at ¶ 161-166.  The Plaintiff does not allege which specific policies or procedures were allegedly not followed or enforced.  The Plaintiff also avers that Quinn should have known that CCDF was "chronically understaffed," and was warned of those staffing shortages on multiple occasions in 2021.  Id. at ¶ 179, 184-187.  The Plaintiff alleges that Quinn did nothing about

these claimed staffing shortages, endangering detainees at CCDF and contributing to the decedent's death.  Id. at ¶ 191.  The Plaintiff even alleges, in conclusory fashion, that the Defendants decided "to chronically understaff the CCDF to the detriment of detainees with serious medical needs."  Id. at ¶ 198.  These allegations, however, are not sufficient to state a claim for deliberate indifference against Quinn.  The Plaintiff has not shown a widespread practice of Quinn, but rather attempts to vicariously impute the alleged conduct of other defendants to Quinn.

Additionally, the Plaintiff's allegations of chronic understaffing are insufficient to establish a constitutional violation, as the Plaintiff has not alleged a constitutional right to have a particular number of staff at the CCDF.  Although the Amended Complaint contains allegations that Quinn was notified of the alleged understaffing, the Amended Complaint does not allege specific facts showing that Quinn consistently delayed and/or failed to provide medical care to detainees due to the alleged understaffing that was so "obvious, flagrant, rampant and of continued duration" to put Quinn on notice of the alleged issue.  **Dkt. 52**; see also Brown, 906 F.2d at 671.  The Plaintiff similarly fails to allege that Quinn had a "deliberate intent" to understaff the CCDF.  See McDowell, 392 F.3d at 1291.  There are also no allegations that the alleged understaffing caused the alleged failure to provide medical care in this matter.

Further, the Plaintiff has not sufficiently alleged facts regarding other instances to demonstrate a "persistent" and "widespread" policy, practice, or custom. "A plaintiff can only allege the existence of a policy or custom by point[ing] to multiple incidents or multiple reports of prior misconduct by a particular employee." Henley v. Payne, 945 F.3d 1320, 1331 (11th Cir. 2019).

Here, the Plaintiff has alleged that nine people, including the decedent, died at CCDF between 2019 and 2021, providing one example. Id. at ¶ 167-176. The Plaintiff asserts that this previous death should have alerted Quinn to review and monitor policies and procedures, but that Quinn did nothing. Id. at ¶ 177-178. These allegations, however, are merely conclusory and must be disregarded.[1] Moreover, the Plaintiff does not allege how any of the previous deaths are substantially similar to the subject incident or how they are related to a persistent policy or custom created or enforced by Quinn.

For the reasons discussed above, the Plaintiff has failed to adequately state a claim for Fourteenth Amendment deliberate indifference against Quinn. As such, this claim must be dismissed.

---

[1] While outside the four corners of the Amended Complaint, it should be noted that several factors contributed to the claimed understaffing and alleged previous deaths. The time period described in the Amended Complaint occurred during the COVID pandemic, and CCDF experienced staffing shortages despite Quinn holding hiring events and job fairs, and instituting bonuses and incentives. Also, CCDF had a contract with other entities, including the U.S. Virgin Islands, whereby it acquired detainees. Of the eight previous deaths alleged by the Plaintiff in the instant matter, several of them were terminal cancer patients from the U.S. Virgin Islands.

## II.    Plaintiff's Amended Complaint Fails to State a Claim for Substantive Due Process Under 42 U.S.C. § 1983 Against Quinn.

The Plaintiff additionally asserts an individual cause of action alleging a violation of his Fourteenth Amendment Substantive Due Process rights against all Defendants. **Dkt. 52**. Within that cause of action, the Plaintiff alleges deprivation of his right to companionship and society with his mother, the decedent. Id. at ¶ 228. The Plaintiff asserts that the Defendants engaged in deliberate indifference with respect to the decedent, which caused the Plaintiff economic and noneconomic damages including loss of love, companionship, society, comfort, care, assistance, protection, and moral support. Id. at ¶ 229, 232.

However, the Plaintiff's substantive due process cause of action is not cognizable. A Section 1983 claim must be based on a deprivation of a plaintiff's own constitutional rights rather than a deprivation incidental to defendants' alleged conduct. See Robertson v. Hecksel, 420 F.3d 1254, 1259 (11th Cir. 2005) (finding no substantive due process right between a mother and her adult child where the alleged deprivation was incidental to the defendant's actions); Debrosse v. Bradshaw, 2010 WL 773826, at *3 (S.D. Fla. Mar. 5, 2010); Vaughn v. City of Orlando, 2008 WL 151885, at *4 (M.D. Fla. Jan. 15, 2008).

Here, any deprivation alleged by the Plaintiff was merely incidental to any alleged constitutional violation. Moreover, Plaintiff, as an adult child, does not

have a substantive due process interest in a relationship with his mother.  <u>See</u> <u>Robertson</u>, 420 F.3d at 1262.

Even if the Plaintiff had a cognizable Fourteenth Amendment substantive due process cause of action, he still faces a "high bar" because "conduct by a government actor will rise to the level of a substantive due process violation only if the act can be characterized as arbitrary or conscience shocking in a constitutional sense."  <u>Maddox v. Stephens</u>, 727 F.3d 1109, 1119 (11th Cir. 2013) (quotations omitted).  "Even intentional wrongs seldom violate the Due Process Clause . . . and only the most egregious official conduct can be said to be arbitrary in the constitutional sense."  <u>Id</u>. (internal quotations and citations omitted).

In the instant matter, the Plaintiff has failed to sufficiently plead to the conscience-shocking standard as noted above with respect to Quinn.  Importantly, the Plaintiff has brought the instant action against Quinn individually, rather than in his official capacity.  <u>Id</u>. at ¶ 12.  The Plaintiff has therefore failed to adequately state a cause of action against Quinn for violation of his Fourteenth Amendment substantive due process rights, and his claim seeking relief for the same should be dismissed as a matter of law.

**III.**   <u>**Plaintiff's Amended Complaint Fails to State a Claim for Wrongful Death Against Quinn.**</u>

The Plaintiff's Amended Complaint also asserts a cause of action for wrongful death against Quinn pursuant to Florida's Wrongful Death Act.[2] **Dkt. 52**. at ¶ 237-253.  The Plaintiff asserts that cause of action in his capacity as Personal Representative of the Estate.  <u>Id</u>. at ¶ 238.  The Plaintiff claims entitlement to relief for alleged wrongful acts including negligence in causing the decedent's death and in showing deliberate indifference to the decedent's medical needs.  <u>Id</u>. at ¶ 239, 240.  The Plaintiff claims that all individual defendant's owed the decedent a duty of reasonable care and breached that duty through ordinary negligence.  <u>Id</u>. at ¶ 242.

The Plaintiff also asserts that Quinn "negligently failed to ensure that all detainees exhibiting signs of physical and emotional distress receive proper care, including an appropriate treatment plan, evaluation by a physician, and continuity of care, despite knowing of woefully inadequate care of past detainees, a high rate of in-custody deaths, and chronic understaffing issues at the CCDF." <u>Id</u>. at ¶ 244.

---

[2] The Plaintiff's state law causes of action, including his wrongful death claim, must be dismissed for failure to comply with Florida's presuit medical negligence notice requirements.  <u>See</u> Ch. 766, Fla. Stat; <u>J.B. v. Sacred Heart Hosp. of Pensacola</u>, 635 So. 2d 945, 948 (Fla. 1994) (presuit notice and screening requirements "must be met in order to maintain a . . . medical negligence action . . . .").  Here, the Plaintiff has not alleged that he satisfied Chapter 766's presuit notice and screening requirements, and as such, his state law claims must be dismissed with prejudice.  <u>See</u> Fla. Stat. § 95.11(4)(b) (the statute of limitations to initiate a Chapter 766 presuit investigation is two years).

The Plaintiff further asserts that Quinn negligently failed to train and supervise their employees to ensure that all detainees exhibiting signs of distress receive proper medical care, despite knowing of woefully inadequate care of past detainees, a high rate of in-custody deaths, and chronic understaffing issues at the CCDF.  Id. at ¶ 245.  The Plaintiff asserts that he and the decedent's father are the decedent's survivors.  Id. at ¶ 250.

However, the Plaintiff's wrongful death claim is flawed for several reasons.  For one, the Amended Complaint improperly seeks the recovery of predeath damages for decedent's pain and suffering that preceded her death.  Id. at ¶ 274.  The Florida Wrongful Death Act does not permit a personal representative of a decedent's estate to seek recovery for damages for a decedent's pain and suffering prior to death.  Smith v. R.J. Reynolds Tobacco Co., 103 So. 3d 955, 958 (Fla. 2d DCA 2012); Martin v. United Sec. Srvcs., Inc., 314 So. 2d 765, 770 (Fla. 1975); Lane v. Calhoun-Liberty County Hosp. Ass'n, Inc., 846 F.Supp. 1543, 1553 (N.D. Fla. 1994); see also Fla. Stat. § 768.20 ("[w]hen a personal injury to the decedent results in death, no action for the personal injury shall survive, and any such action pending at the time of death shall abate.").  Accordingly, the Plaintiff's claim for pre-death pain and suffering damages should be dismissed.

The Plaintiff does not plead an intention to recover any category of the damages recoverable under the Wrongful Death Act within his Amended

Complaint.  See Fla. Stat. § 768.21.  Instead, the Plaintiff merely states that the Defendants' wrongful acts and negligence were the cause of the decedent's pain, suffering, and death.  **Dkt. 52**. at ¶ 249.

Moreover, the Plaintiff pleads an intention to seek punitive damages.  Id. at ¶ 252, 274.  Under Florida law, the personal representative of a deceased person's estate may only seek punitive damages in a wrongful death case upon the development of evidence showing that the alleged tortfeasor's wrongful conduct involved wantonness or recklessness.  Gerentine v. Coastal Sec. Systems, 529 So. 2d 1191, 1194 (Fla. 5th DCA 1988).  "Mere allegations of gross negligence do not suffice."  Id.  Instead, a pleader seeking the recovery of punitive damages within a wrongful death claim must show reckless disregard for human life equivalent to manslaughter.  CSX Transp., Inc. v. Palank, 743 So. 2d 556, 559 (Fla. 4th DCA 1999).  This showing must be made after the pleader moves for leave to amend the complaint to assert a claim for punitive damages.  Fla. Stat. § 768.72(1).

Here, the Plaintiff's Amended Complaint does not contain any allegations of wantonness or recklessness as is required under Florida law for the recovery of punitive damages in wrongful death actions.  While mere allegations of negligence

are insufficient to assert such a claim for punitive damages, that is all the Plaintiff has asserted against Quinn.[3]

Moreover, the Plaintiff's Amended Complaint is inadequate to assert a claim that Quinn negligently failed to train and supervise employees. Culpability for an alleged deprivation of rights "is at its most tenuous where a claim turns on a failure to train." Connick, 563 U.S. at 61. The failure to train or supervise "must amount to 'deliberate indifference to the rights of persons with whom the untrained employees come into contact.'" Id. (quoting City of Canton v. Harris, 489 U.S. 378, 388 (1989)).

To properly assert a failure to train and supervise claim, the Plaintiff must establish that Quinn "knew of a need to train and/or supervise in a particular area and [that it] made a deliberate choice not to take any action." Knight through Kerr v. Miami-Dade Cty., 856 F.3d 795, 820 (11th Cir. 2017). A mere allegation that additional training would have been helpful in making difficult decisions does not establish liability. Connick, 563 U.S. at 68. The Plaintiff must also show that the alleged training and supervision deficiencies directly caused the constitutional deprivation. Canton, 489 U.S. at 391.

---

[3] The Plaintiff's claim to entitlement of punitive damages under his section 1983 claims is likewise flawed, as the Plaintiff has failed to allege that Quinn's conduct was motivated by evil motive or intent or involved reckless or callous indifference to the federally protected rights of others. See Hooks v. Brewer, 818 F. App'x 923, 931 (11th Cir. 2020).

Aside from conclusory allegations, there are no specific allegations that Quinn failed to train or supervise, that there was a pattern of constitutional violations by employees because of inadequate training or supervision, that Quinn was on notice of allegedly deficient training or supervision, or that an alleged failure to train or supervise caused the decedent's death.

Because the Plaintiff has failed to plead recoverable damages under his cause of action for wrongful death, he has effectively failed to adequately state a claim for that cause of action upon which relief can be granted.  Moreover, the conclusory allegations made against Quinn are insufficient to support the Plaintiff's wrongful death claim against him.  Iqbal, 556 U.S. at 678.  Therefore, the Plaintiff's wrongful death claim should be dismissed as to Quinn.

## IV.  Plaintiff's Amended Complaint Fails to State a Claim for Intentional Infliction of Emotional Distress ("IIED") Against Quinn.

In order to state a cause of cause of action for IIED under Florida law, a pleader must allege four elements: "(1) deliberate or reckless infliction of mental suffering; (2) outrageous conduct; (3) the conduct caused the emotional distress; and (4) the distress was severe."  Liberty Mut. Ins. Co. v. Steadman, 968 So. 2d 592, 594 (Fla. 2d DCA 2007).  Behavior claimed to constitute IIED must be 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency.'"  Id. (citing Metropolitan Life Ins. Co. v. McCarson, 467 So. 2d 277, 278 (Fla. 1985)).

Florida courts use a very high standard in evaluating whether the facts alleged are sufficiently outrageous to support a claim for IIED.  Foreman v. City of Port St. Lucie, 294 Fed. Appx. 554, 557 (11th Cir. 2008); see also State Farm Mut. Auto. Ins. Co. v. Novotny, 657 So. 2d 1210, 1213 (Fla. 5th DCA 1995) (stating that it is not enough that the defendant has acted with tortious or criminal intent, that the defendant intended to inflict emotional distress, or even that the defendant's conduct was characterized by malice or aggravation that would entitle plaintiff to punitive damages).

Here, the Plaintiff's Amended Complaint fails to adequately assert a claim for IIED against Quinn based upon the elements noted above.  While the Plaintiff does plead that the Defendants intended to inflict damage to the decedent, the Plaintiff fails to plead any facts pertaining to Quinn in particular which would arguably show that he deliberately caused the decedent mental suffering. Similarly, the Plaintiff does not plead any facts pertaining to Quinn individually which would reflect sufficiently outrageous behavior on his part in interacting with the decedent.  Finally, while the Plaintiff does plead that "the Plaintiff's survivors have suffered severe injuries," he fails to plead that any specific action by Quinn caused him severe emotional distress, as required by Florida law.

To the extent the Plaintiff is attempting to assert this claim on behalf of the decedent, such an effort would be impermissibly duplicative of his wrongful death

claim made on behalf of the Estate.  <u>See</u> Fla. Stat. § 768.20; <u>Groover v. Polk County Board of Cty. Commiss'rs.</u>, 570 F. Supp. 3d 1134, 1153–1154 (M.D. Fla. 2021) (dismissing negligence claims which were subsumed into wrongful death act).  For these reasons, the Plaintiff's claim for IIED should be dismissed as to Quinn for failure to state a claim upon which relief can be granted.

## V.   **Plaintiff's Amended Complaint Fails to State a Claim for Negligent Infliction of Emotional Distress ("NIED") Against Quinn.**

Under Florida law, in order to state a cause of action for NIED, a plaintiff must plead the following elements: (1) the plaintiff must suffer a discernable physical injury; (2) the physical injury must be caused by the psychological trauma; (3) the plaintiff must be involved in the event causing the negligent injury to another; and (4) the plaintiff must have a close personal relationship to the directly injured person."  <u>LeGrande v. Emmanuel</u>, 889 So. 2d 991, 995 (Fla. 3d DCA 2004).

Claims for NIED in Florida are governed by the judicially-created "Impact Rule," which is designed to assure the validity of emotional distress claims.  <u>Novella v. Wal-Mart Stores, Inc.</u>, 459 F.Supp.2d 1231, 1235 (M.D. Fla. 2006).  "The impact rule . . . requires that 'before a plaintiff can recover damages for emotional distress caused by the negligence of another, the emotional distress suffered must flow from physical injuries the plaintiff sustained in an impact.'"  <u>Id</u>. (citing <u>Southern Baptist Hosp. of Fla. v. Welker</u>, 908 So. 2d 317 (Fla. 2005)).  "The

underlying basis for the rule is that allowing recovery for injuries resulting from purely emotional distress would open the floodgates for fictitious or speculative claims." Id. The categories of physical injury contemplated by the Impact Rule include death, paralysis, and muscular impairment. See Langbehn v. Public Health Trust of Miami-Dade County, 661 F.Supp.2d 1326, 1341 (S.D. Fla. 2009).

In the instant matter, the Plaintiff fails to adequately state a cause of action for NIED against Quinn. Notably, there are no allegations made against Quinn in particular within the Plaintiff's NIED Count. Additionally, while the Plaintiff asserts that the decedent suffered discernable physical injuries and psychological trauma, he makes no such allegations with respect to himself.

Instead, the Plaintiff merely alleges that "Decedent's Survivor" suffered severe injuries. **Dkt. 52** at ¶ 270. This is insufficient in light of the elements of NIED considered by Florida courts. See LeGrande, 889 So. 2d at 995. The Plaintiff fails to allege that he has suffered emotional distress flowing from physical injuries he sustained in an impact. Novella, 459 F.Supp.2d at 1235. The Plaintiff likewise fails to allege that he witnessed or was involved in the incident which allegedly caused the decedent's death. See Zell v. Meek, 665 So. 2d 1048, 1050 (Fla. 1995).

Like his IIED cause of action, to the extent the Plaintiff is attempting to assert this claim on behalf of the decedent for any trauma she allegedly suffered, such an effort would be impermissibly duplicative of his wrongful death claim made on

behalf of the Estate.  <u>See</u> Fla. Stat. § 768.20.  Nonetheless, Plaintiff's cause of action for NIED against Quinn fails as a matter of law for the reasons discussed above, and should therefore be dismissed.

**VI.**   **<u>Plaintiff's Amended Complaint Fails to Comply with Federal Pleading Requirements.</u>**

Federal Rule of Civil Procedure 8(a) provides, in pertinent part, that, "[a] pleading that states a claim for relief must contain: . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). The Eleventh Circuit has made clear that it has "little tolerance for shotgun pleadings," as "[t]hey waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts."  <u>Vibe Micro, Inc. v. Shabanets</u>, 878 F.3d 1291, 1295 (11th Cir. 2018).  The Eleventh Circuit has identified different types of shotgun pleadings, one of which is the "sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." <u>Weiland v. Palm Beach Cnty. Sheriff's Off.</u>, 792 F.3d 1313, 1322-23 (11th Cir. 2015).

All five Counts against Quinn within the Plaintiff's Amended Complaint, and many of the factual allegations contained in the Amended Complaint, generally and vaguely state that "the Defendants" committed the alleged tortious and unconstitutional conduct.  The Plaintiff lumps all the Defendants together in

each of his Counts without specifying how each individual Defendant allegedly violated the decedent's rights.  See Jackson v. St. Lawrence, No. 4:10-cv-291, 2011 WL 2535310, at *5 (S.D. Ga. June 27, 2011).

The Plaintiff sparingly mentions Quinn with any direct allegations within any of the Counts asserted against Quinn in the Amended Complaint.  The Plaintiff's impermissible shotgun approach to pleading against all named Defendants in his Amended Complaint effectively makes it impracticable for Quinn to identify which particular claims are being made against him and which alleged facts apply to him, as opposed to the other named Defendants.

The Plaintiff's Amended Complaint asserts commingled causes of action and is replete with vague and ambiguous conclusory allegations.  Because it fails to comply with this Court's pleading requirements, the Plaintiff's Amended Complaint should be dismissed.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's claims against WARDEN MIKE QUINN should be dismissed.

## **LOCAL RULE 3.01(g) CERTIFICATION**

The undersigned hereby certifies that he has conferred with counsel for the Plaintiff and represents that counsel for the Plaintiff opposes the relief requested herein.

/s/

Respectfully submitted this 13th day of May, 2024.

*/s/ John R. Owens*

John R. Owens, Esq.
FBN: 62200
John W. Cullen, Esq.
FBN: 1031019
BANKER LOPEZ GASSLER P.A.
501 E. Kennedy Blvd, Suite 1700
Tampa, FL 33602
service-jowens@bankerlopez.com
Phone: (813) 222-3355
Fax: (813) 222-3066
*Attorney for the Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the above and foregoing has been electronically filed via CM/ECF to all counsel of record on this 13th day of May, 2024.

*/s/ John R. Owens*

John R. Owens, Esq.
FBN: 62200
John W. Cullen, Esq.
FBN: 1031019
BANKER LOPEZ GASSLER P.A.
501 E. Kennedy Blvd, Suite 1700
Tampa, FL 33602
service-jowens@bankerlopez.com
Phone: (813) 222-3355
Fax: (813) 222-3066
*Attorney for the Defendant*